UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MELL PETERSON, ET AL                    CIVIL ACTION NO. 18-cv-1215

VERSUS                                  JUDGE FOOTE

APPLEBEES RESTAURANTS, LLC              MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Mell and Clarence Peterson filed suit in state court for personal injuries suffered in a fall at a restaurant in Bossier City. After an amendment of the petition, the two Defendants in the case are Apple Arkansas, Inc., and Cintas Corporation No. 2. Cintas removed the case based on an assertion of diversity jurisdiction, which puts the burden on Cintas to state specific facts that demonstrate complete diversity of citizenship and an amount in controversy in excess of $75,000. Cintas appears to satisfy the amount in controversy requirement, given its allegation that medical expenses associated with the accident are said to exceed $70,000. There is, however, one issue with respect to citizenship.

The Notice of Removal alleges that the two plaintiffs are citizens of Louisiana. Cintas is alleged to be incorporated under the laws of Nevada with its principal place of business in Ohio. Apple Arkansas, Inc., is described as "a non-Louisiana corporation domiciled in Texas incorporated under the laws of Texas." Notice of Removal, ¶ 9. The Notice of Removal does not appear to allege with specificity the state in which Apple

Arkansas, Inc., has its principal place of business, which is determined by the "nerve center" test of Hertz Corp. v. Friend 130 S.Ct. 1181 (2010).

A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001).

Cintas will be allowed until **October 1, 2018** to file an amended notice of removal and allege with specificity the state in which Apple Arkansas, Inc., has its principal place of business. Assuming jurisdiction is established by the amended notice, the court will set a scheduling conference once the two defendants have filed an answer.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of September, 2018.

Mark L. Hornsby
U.S. Magistrate Judge